The judgment appealed from is therefore affirmed.

---

(73 South. 239)

No. 20869.

ORLEANS–KENNER ELECTRIC RY. CO. v. SKIDMORE et al.

(Nov. 13, 1916. Rehearing Denied Dec. 11, 1916.)

*(Syllabus by the Court.)*

COURTS ⬅⟹224(10)—APPELLATE JURISDICTION —TRIAL COURT.

This court has not jurisdiction of an appeal from a judgment expropriating a railroad right of way where the claim for compensation does not exceed $2,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. ⬅⟹224(10).]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by the Orleans-Kenner Electric Railway Company against J. W. Skidmore and others. From a judgment for plaintiff, defendants appeal. Transferred to Court of Appeals.

Denegre, Leovy & Chaffe and Robert J. Perkins, all of New Orleans, for appellants J. W. Skidmore and others. Robert J. Perkins and Clifford E. Hays, both of New Orleans, for appellant Edward Wyman. C. A. Buchler, of Gretna, and Peter Stifft, of New Orleans, for appellee.

O'NIELL, J. The plaintiff railway company brought suit to expropriate a right of way 30 feet wide and approximately 1,465 feet long, across a tract of land occupied by one of the defendants, as lessee, and owned by the other defendants, the lessors. Before filing the suit, the plaintiff tendered to the owners of the land $100 as compensation for the value of the right of way to be expropriated and for the damage, if any, to the remaining property. It is alleged in the plaintiff's petition that, thereafter, before the suit was put at issue, the plaintiff tendered $50 to the lessee to satisfy whatever loss he might sustain by the expropriation of the right of way across the leased premises. The owners of the land did not resist the expropriation suit in the district court. The lessee did not dispute the right of the railway company to expropriate the right of way in question, or deny that it was subject to expropriation, but urged certain exceptions to the manner and form of the service of the citation and to the manner and form of summoning the jury of freeholders, and, with reservation of the exceptions, answered the suit and asked for judgment for $300 damages for the construction of certain facilities for watering his cattle, and a further compen-

sation of $15 per month for the unexpired term of his lease of four years.

The jury of freeholders rendered a verdict expropriating the right of way, and awarding $75 compensation to the owners and $50 compensation to the lessee of the land. Judgment was rendered accordingly; and, after an unsuccessful motion for a new trial, the defendants appealed.

The only contentions made by the appellants are: First, that the plaintiff's suit should be dismissed on the exceptions to the manner and form of service of the citation and other proceedings in the district court, and, in the alternative, that the compensation allowed the owners of the land should be increased to $150 and the compensation allowed the lessee should be increased to $791.

As the amount in dispute in this case does not exceed $2,000, this court has not jurisdiction. See Constitution, art. 85.

It is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans. The defendants, appellants, are to pay the costs of the appeal to this court; all other costs to await the final judgment.